■ In the Matter of WILLIE YELDER et al., Petitioners, v JOHN JOHNSON, as Commissioner of New York State Office of Children and Family Services, Respondent. [799 NYS2d 443]—

Determination of respondent, dated August 29, 2000, which denied petitioners' application for subsidies at the special rate in the handicapped category for their adoptive daughters, unanimously annulled, on the law, without costs, and the petition, brought under CPLR article 78 (proceedings under which were transferred to this Court by order of the Supreme Court, New York County [Walter B. Tolub, J.], entered September 6, 2001), granted.

In support of their postadoption application, pursuant to Social Services Law § 453 (1) (a), for a "special rate" subsidy for each of their adoptive daughters (*see* 18 NYCRR 427.6 [c] [4]), petitioners presented medical evidence that each child's attention deficit hyperactivity disorder (ADHD) preexisted her adoption. Since this medical evidence is uncontroverted, respondent's conclusion that each child's ADHD arose after her adoption is not supported by substantial evidence in the administrative record (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-181 [1978]). Nor does the record contain substantial evidence to support respondent's finding that neither child's ADHD condition was serious enough to warrant such a subsidy, regardless of when it arose.

Although the petition seeks an order directing the release to petitioners of their adoptive daughters' medical records in the custody of the adoption agency, the grant of such relief would not be proper in this proceeding, to which the adoption agency is not a party. In any event, the administrative determination under review made no ruling impairing petitioners' access to such records. We note, however, that pursuant to Social Services Law § 373-a, petitioners are clearly entitled to the subject medical records "upon request." Concur—Tom, J.P., Mazzarelli, Saxe, Friedman and Sullivan, JJ.